UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATHAN NICHOLAS HELBURN,<br><br>                Plaintiff,<br><br>   v.<br><br>WAYNE WILSON and DR. JAMES BARRY,<br><br>                Defendants. | Case No. 1:18-cv-00546-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

       Plaintiff Nathan Nicholas Helburn is a prisoner proceeding pro se in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. (Initial Review Order, Dkt. 8.) The Court also mailed a copy of General Order 342 to Plaintiff, to aid him in drafting his amended complaint, and described some of the requirements of that General Order.

       Plaintiff has now filed an Amended Complaint, which omits some of Plaintiff's earlier claims—such as his dehydration claims—and omits a defendant. (Dkt. 10.) Though Plaintiff states that he did not receive a copy of General Order 342 (*see* Dkt. 9 at 1), the Amended Complaint complies with that General Order. Thus, the fact that Plaintiff did not receive the General Order is not relevant to the Court's review of Plaintiff's Amended Complaint.

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1**

The Court retains its screening authority pursuant to 28 U.S.C. § 1915A(b). Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in his initial complaint, and the Court will dismiss this case pursuant to 28 U.S.C. § 1915A.

## 1. Screening Requirement

As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

## 2. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

3.  **Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Plaintiff asserts that, in June 2018, he was moved to Medical Cell 9. That cell initially was filthy: there was blood, feces, and "food waste" on the walls, the floor was "slimy," and the "mattress smelled like urine." (Dkt. 10 at 2.) Plaintiff spent 27 hours in the cell before it was cleaned and was confined there for a total of three days. (*Id*. at 2–3.)

Likely because of his earlier dehydration as described in the initial complaint, Plaintiff "was told to drink water every hour." (*Id.* at 3.) This advice caused Plaintiff to suffer a "low-sodium seizure" after three days in Medical Cell 9. During that seizure, Plaintiff "hit his head causing a mild concussion and painful neck and back injury attributed to a torn muscle." (*Id*.)

During the next two months, Plaintiff periodically "was put on pen and paper restriction and was unable to file a grievance to recieve [sic] medical care for [his] neck

and back injury." (*Id*.) Under this restriction, which was allegedly the result of collaboration between Defendants Wilson and Barry, Plaintiff was "only allowed paperwork 1 hour a day in a cramp[ed] phone booth." (*Id*.) Plaintiff also states he was unable to access his legal work for ten days.

Plaintiff has not plausibly alleged that any specific act, or failure to act, on the part of Defendants Wilson or Barry violated Plaintiff's civil rights. First, being held in a temporarily filthy cell, over 27 hours, is not the type of "intolerably cruel" condition that would violate the Eighth Amendment. *Hutto v. Finney*, 437 U.S. 678, 686–87 (1978).

Plaintiff also has not plausibly alleged an Eighth Amendment violation based on the advice that he drink water, which purportedly caused a seizure. Nothing in the Amended Complaint suggests that either Defendant acted with deliberate indifference in giving this advice, which was reasonable given that Plaintiff had been dehydrated. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). And Plaintiff's statement that he could not seek medical care for his neck and back injury is simply too vague for Plaintiff to proceed.

Nor has Plaintiff plausibly alleged a constitutional claim arising from the ten days he was not able to access his legal work. Specifically, the Amended Complaint does not assert an actual injury to Plaintiff's right to access the courts—that is, the loss of an arguable claim challenging Plaintiff's criminal conviction or conditions of confinement. *See Christopher v. Harbury*, 536 U.S. 403, 415-17 (2002); *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 4**

Finally, Plaintiff's current claims with respect to paper restriction are implausible for the reasons explained by the Court in the Initial Review Order. (*See* Dkt. 8 at 9–13.) The allegations in the Amended Complaint simply do not give rise to a reasonable inference that Defendants Wilson and Barry violated Plaintiff's right to petition the government for redress of grievances.

For the foregoing reasons, the Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

4. **Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion to Amend Complaint (Dkt. 9) is GRANTED IN PART, to the extent the Court has screened the Amended Complaint under 28

U.S.C. § 1915A.

2. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 8), this entire case is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

DATED: August 6, 2019

B. Lynn Winmill
U.S. District Court Judge